[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 42, whose birth name is Calder, and the defendant husband, 43, married on February 14, 1981 in Des Moines, Iowa. Jurisdiction is based on the plaintiff's continuous residence in this state for over a year before beginning this action for dissolution and other relief. There are three children of the marriage: Ashley M. born 4/14/85, Ryan C. born 3/26/87 and Austin T. born 10/22/91. The parties filed a stipulation dated January 23, 2002 concerning custody and visitation which the court will order as part of the decree. A second stipulation was filed bearing the same date resolving some of the financial issues which the court will order as part of the decree. CT Page 1757
The parties have acquired the bulk of their assets since the marriage. The defendant has worked for R.R. Donnelly Sons throughout the marriage as a salesman. His financial affidavit lists monthly "base pay" gross of $17,828 and net of $9,568 including $875 deducted for a 401k account with the following footnote:
 "Income reflected is based upon commissions earned on current sales and 2002 sale forecasts. 2001 W-2 income will be approximately $295,000 which amount includes a payment in February 2001 of the calendar year 2000 bonus of $24,564 and the calendar year 2000 new business add on of $32,958. Actually earnings from commissions in the calendar year 2001 was $237,478."
The plaintiff has been employed by the City of Stamford since June 1999, as Project Coordinator for Youth Services at a monthly gross of $3665 and net of $2463. The plaintiff has 30% loss of hearing of each ear but is otherwise in good health. There was no indication that it hampered her work or otherwise. She is also an interior designer and is a member of the American Society of Interior Design and has also worked as a licensed real estate broker. The defendant enjoys good health.
In her testimony the plaintiff attempted to portray the defendant as a workaholic who devoted no time to the family or the home in general. The court finds the assertions unbelievable. She attended school board meetings, she ran for a seat on the board in 1997, she had other evening activities while the defendant remained home with the children. The defendant is found to be the more credible witness. The court concludes that he was active with Little League, soccer, attended recitals and on many days left his New York City office early to participate in these various activities of the children. The relationship between the plaintiff and Trevor Roach, a fellow employee who worked with her in setting up their various programs both in Stamford and in other towns, ripened into an affair de coeur. The plaintiff asked the defendant for a divorce in October, 2000. This action was commenced by service made on December 15, 2000. By stipulation approved on March 26, 2001 the plaintiff vacated the marital home. The court concludes that the plaintiff's behavior is the primary cause of the marriage breakdown.
The parties have previously divided some of the marital assets by a stipulation supra which was approved and ordered on March 26, 2001 (127-10). The parties also agreed to shared custody in said stipulation. At trial the parties stipulated that the fair market value of the marital home known as 74 Indian Hill Road, Stamford, Connecticut is $1,025,000. Using the defendant's affidavit there is a first mortgage balance of CT Page 1758 $581,777 as of 1/17/02, a second mortgage balance of $49,899 as of 1/9/02, equity of $368,324 and 50% equity of $184,162. The plaintiff requests the property be sold while the defendant requests the opportunity to purchase the plaintiff's interest. The court finds his request reasonable and will enter an order providing same with reasonable conditions.
The parties' stipulation provides for joint legal custody for all children but with primary physical custody of Ashley with her father and reasonable visitation rights with the mother. The other two children shall continue to enjoy shared custody.
Having reviewed the evidence in light of the applicable law, having evaluated the testimony of the witnesses and examined the exhibits, the court enters the following decree.
 1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown and each party is declared unmarried.
 2. The defendant shall pay to the plaintiff as unallocated alimony and child support the sum of $1,250 weekly until February 1, 2011 or until the sooner death of either party, the plaintiff's remarriage, or cohabitation with another to which Sec. 46b-86 shall apply. As additional alimony, subject to the same limitations, the defendant shall pay to the plaintiff 20% of his earnings that exceed $200,000 during any calendar year. As additional child support the parties shall divide the children's extra-curricular expenses 65% payable by their father and 35% payable by their mother, capped at $2,000 per child per calendar year. The cap may be exceeded by written agreement of the parties A wage withholding order is entered. The amount is modifiable but the term is not and cannot be extended under any circumstances.
 3. Custody is ordered as stipulated, a copy (156-10) being attached and incorporated herein.
4. Life Insurance — so long as the husband is obligated to pay alimony pursuant to the terms herein, the husband shall maintain a life insurance policy with a face amount of $200,000 CT Page 1759 naming the wife as beneficiary.
 5. Health Insurance — each party will continue to provide health insurance for the children so long as same is available through their respective employments and the uninsured expenses will be divided 60% payable by the husband and 40% payable by the wife.
 6. The defendant shall have the option to purchase the plaintiff's interest in the marital home for $165,000 provided he shall notify the plaintiff in writing within 90 days after entry of judgment that he has the financing necessary to complete the purchase within the ensuing 30 days. The court arrived at the option price by allowing a discount for the absence of costs of sale that are usual in an arm length transaction. If the defendant has not so notified the plaintiff of his election within said 90 days or notifies plaintiff that he will not be purchasing her interest, then the court orders the property to immediately be placed on the market via a broker. Either party may move for clarification of any aspect of sale should any question arise. The parties shall divide the net proceeds equally.
 7. Pension/Retirement Assets — the parties have the following retirement, IRA's and 401k accounts:
 Husband Wife
RR Donnelly Pension payable at age 65 $40,855 annually
RR Donnelly 401k a/o 12/30/01 $260,171
American Express IRA a/o 1/18/02 51,081
Fleet Bank IRA a/o 1/7/02 13,597
American Express IRA a/o 4/30/01 35,520
FleetBank IRA a/o 11/6/01 ________ 13,563
$324,849 $49,083 CT Page 1760
 The husband shall transfer 50% of the current accrued benefits of the RR Donnelly pension Plan via a QUADRO to the wife.
 The parties shall equally divide the aforementioned retirement accounts such that the husband shall transfer from his 401k account directly to the wife's IRA account an amount necessary to equalize the aforesaid accounts as of the date of the division including increases and decreases incurred between the date of Judgment and the actual date of division. Based upon the above amount, the husband would transfer $137,883 to the wife's IRA to equalize these retirement assets.
 8. Asset Division — the parties shall equally divide their checking, savings, brokerage and life insurance cash values to wit:
 Husband Wife
 Fleet checking as of 11/6/01 Amt. Varies Fleet joint checking a/o 4/5/01 951 Financial plus joint acct a/o 9/30/00 411 First Union checking a/o 10/4/01 Amt Var. First Union savings a/o 10/4/01 7,185 SMEFCU savings a/o 9/30/01 3,570 SMEFCU checking a/o 9/30/01 42
 The parties equally divided the R.R. Donnelly Sons stock pursuant to a stipulation dated March 16, 2001, attached hereto. No further division is permitted, therefore each party shall retain any and all R. R. Donnelly Sons stock listed on their affidavit free and clear of any claim thereto by the other.
 9. Liabilities — each party shall be responsible for their own liabilities listed on their financial affidavits.
 10. Counsel Fees — each party shall pay their own counsel fees.
11. The parties' stipulation (155-10) is ordered and incorporated herein. CT Page 1761
 12. Motor Vehicles — the defendant shall cause to be transferred to the plaintiff the 2000 Dodge Durango, which she is currently driving and she shall assume the loan balance. The husband will retain the 1993 Volvo and the 1998 Jeep Wagoneer.
 13. The defendant shall be responsible for the pension QUADRO expenses.
 14. The pendente alimony and support motion's order (144) shall not merge in the judgment but remains payable.
HARRIGAN, J.T.R.